## CIRCUIT COURT OF FAIRFAX COUNTY

Woodburn Village Condominium
Unit Owners Association

v.

Almist, Inc., et al.

July 20, 1989

Case No. (Law) 79389

By JUDGE F. BRUCE BACH

This matter is before the Court on Plaintiff's Motion to Correct Misnomer, the memorandum in support thereof, and the opposition thereto. For the reasons set forth below, the motion is denied.

Plaintiff seeks to substitute the Board of Directors of Woodburn Village Condominium Unit Owners' Association (the Board) as Plaintiff in this case in place of Woodburn Village Condominium Unit Owners' Association. Defendant asserts that substitution of the Board is not permissible and that the proper remedy is a nonsuit by Plaintiff and a subsequent re-filing with the Board as Plaintiff.

The 1950 Code of Virginia, § 55-79.80(b)(1), as amended, provides in relevant part that:

> Except to the extent prohibited by the condominium instruments, and subject to any restrictions and limitations specified therein, the executive organ of the unit owners' association, if any, and if not, then the unit owners' association itself, shall have the irrevocable power as attorney-in-fact on behalf of all the unit owners and their successors in title after the expiration of any period of declarant control reserved

pursuant to § 55-79.74(a), to assert through litigation or otherwise, defend against, compromise, adjust, and settle any claims or actions related to common elements.

In the present proceeding, there exists both a Board and a unit owners' association. The language set forth above clearly requires that the executive organ of the unit owners' association "shall" be the party who asserts the action on behalf of the unit owners' association. The right of the unit owners' association to bring suit directly only exists when no executive organ of the unit owners' association has been created.

The Board is the only party with standing to assert the claims in this action pursuant to the language of the Virginia Code § 55-79.80(b)(1). This section does not permit one party plaintiff to be substituted for another where they are two separate and distinct entities. Accordingly, Plaintiff's motion is denied, and Defendant's Motion for Summary Judgment is granted.